UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
ARYEH COHEN,

                Plaintiff,

                                                                                          07 Civ. 6359

-against-                                                                                    (Judge Baer)

LOOKING FOR PALLADIN, LLC, MAHYAD
TOUSI, TOUSI PRODUCTIONS, LLC, ANDRZEJ
KRAKOWSKI and PINE HILL PRODUCTIONS, INC.,

                Defendants.
-----------------------------------------------------------------------

To:   Tousi Productions, LLC:

       A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this Notice. It has been filed in the United States District Court for the Southern District of New York, and has been assigned Docket No. 2007 Civ. 6359.

       This is not a formal summons or a notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after July 23, 2007, the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

       If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from

July 23, 2007, the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duties of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of our client, the plaintiff, this 23rd day of July, 2007.

McLaughlin & Stern, LLP

By _____
    Jon Paul Robbins (#8517)
Attorneys for Plaintiff
260 Madison Avenue
New York, New York 10016
212-448-1100

To:

Jon Paul Robbins, Esq.
McLaughlin & Stern, LLP
Attorneys for Plaintiff
260 Madison Avenue
New York, New York 10016
212-448-1100

    I, Mahyad Tousi, on behalf of Tousi Productions, LLC, defendant, acknowledge receipt of your request that defendant Tousi Productions, LLC waive service of a summons in the action entitled Aryeh Cohen v. Looking for Palladin, et al., docket no. 2007 Civ. 6359. Defendant has also received a copy of the complaint in this action, two copies of this instrument and the means by which it can return the signed waiver to you without cost to it.

    I agree on behalf of Tousi Productions, LLC to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

    Defendant Tousi Productions, LLC will retain all objections or defenses to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or the service of the summons.

    I, on behalf of the defendant, understand that a judgment may be entered against it if an answer or motion under Rule 12 is not served on you within 60 days of July 23, 2007.

_____
Mahyad Tousi, on behalf of Tousi Productions, LLC
Dated: 7/27 , 2007

Duty to avoid unnecessary costs of service of summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded,

or that the action has been brought in an improper place, or that a court lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the response for waiver of service was received.