**Exhibit D**

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____ **DISTRICT OF** _____ NEW YORK _____

ARYEH COHEN,

             Plaintiff,                          **SUMMONS IN A CIVIL CASE**

       V.                                        CASE NUMBER:

LOOKING FOR PALLADIN, LLC, MAHYAD TOUSI,
TOUSI PRODUCTIONS, LLC, ANDRZEJ KRAKOWSKI
and PINE HILL PRODUCTIONS, INC.,                 **'07 CIV 6359**

             Defendants.                         **JUDGE BAER**

    TO: (Name and address of defendant)

Looking for Palladin, LLC        Mahyad Tousi              Tousi Productions, LLC
4 Pine Hill Drive                65 Roebling St.           65 Roebling St., Unit 102
Katonah, NY 10536                Unit 102                  Brooklyn, NY 11211
                                 Brooklyn, NY 11211
Pine Hill Productions, Inc.                                Andrzej Krakowski
4 Pine Hill Drive                                          4 Pine Hill Drive
Katonah, NY 10536                                          Katonah, NY 10536

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

             McLaughlin & Stern, LLP
             260 Madison Avenue
             18th Fl.
             New York, NY 10016
             (212) 448-1100

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON                              JUL 1 2 2007

_____                       _____
CLERK                                           DATE

_Marcos Quintero_

_____
(BY) DEPUTY CLERK

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐  Returned unexecuted: _____
_____
_____
_____

☐  Other *(specify):* _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                         Date                                                      Signature of Server


                                                                    _____
                                                                              Address of Server

(1)      As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ARYEH COHEN,

                    Plaintiff,

    -against-

LOOKING FOR PALLADIN, LLC, MAHYAD
TOUSI, TOUSI PRODUCTIONS, LLC, ANDRZEJ
KRAKOWSKI and PINE HILL PRODUCTIONS, INC.,

                    Defendants.

-------------------------------------------------------------------

**JUDGE BAER**

**'07 CIV 6359**

07 Civ.

**COMPLAINT**

**PLAINTIFF
DEMANDS TRIAL
BY JURY**

RECEIVED

JUL 12 2007

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Aryeh Cohen, for his complaint states:

**The Parties**

1.  Plaintiff is an individual residing at 1866 East 13th Street, Brooklyn, New York.

2.  On information and belief, defendant Looking for Palladin, LLC ("Looking for Palladin") is a limited liability company with an address located at 4 Pine Hill Drive, Katonah, New York.

3.  On information and belief, defendant Mahyad Tousi ("Tousi") is an individual residing at 65 Roebling St., Unit 102, Brooklyn, New York.

4.  On information and belief, defendant Tousi Productions, LLC ("Tousi Productions") is a limited liability company with an address located at 65 Roebling St., Unit 102, Brooklyn, New York.

5.  On information and belief, defendant Andrzej Krakowski is an individual who resides at 4 Pine Hill Drive, Katonah, New York.

6.  On information and belief, defendant Pine Hill Productions, Inc. ("Pine Hill") is a

1

corporation with an address located at 4 Pine Hill Drive, Katonah, New York.

**Jurisdiction and Venue**

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §77v over the First

Cause of Action set forth herein, because the First Cause of Action arises under 15 U.S.C. §77 l (1).

This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the Second Cause of

Action set forth herein, because the Second Cause of Action is so related to the First Cause of Action

that they form part of the same case or controversy.

8. Venue is proper in this District pursuant to 15 U.S.C. §77v, because defendants transact

business in this District, and because the sale of the security at issue was consummated in this District.

### FIRST CAUSE OF ACTION

9. Looking for Palladin was formed as a limited liability company to develop and produce a

motion picture titled "Looking for Palladin" (the "Film").

10. Tousi Productions and Pine Hill are the Managers of Looking for Palladin.

11. By reason thereof, Tousi Productions and Pine Hill are "controlling persons" of Looking

for Palladin, as that term is used in 15 U.S.C. §77o.

12. On information and belief, defendant Tousi is the Manager of Tousi Productions who

exercises control over the affairs of Tousi Productions.

13. On information and belief, defendant Krakowski is a shareholder, officer and director of

Pine Hill, who exercises control over the affairs of Pine Hill.

14. By reason thereof, Tousi and Krakowski are "controlling persons" of Looking for Palladin,

as that term is used in 15 U.S.C. §77o.

2

15. In or about the spring of 2006, the defendants prepared and distributed by means or instruments of transportation or communication in interstate commerce or of the mails a Confidential Private Placement Memorandum (the "Memorandum") which purported to describe to a limited number of qualified investors the proposed sale by Looking for Palladin of Class A membership interests in Looking for Palladin (the "Units").

16. Each of the Units constituted a "security" as that term is used in the Securities Act of 1933 (the "Securities Act").

17. The Memorandum stated that the offered securities had not been registered under the Securities Act, that the offering was being made under exemptions from the Securities Act, and that the offering was being made solely to "accredited investors" as that term is defined in Regulation D ("Regulation D") promulgated under the Securities Act..

18. In the spring of 2006, plaintiff was 28 years old and was a law student at New York Law School. Plaintiff was not an accredited investor under Regulation D.

19. In or about the spring of 2006, defendants commenced an effort to sell a Unit to plaintiff..

20. Defendants and their agents did not inquire of plaintiff as to whether he was an accredited investor under Regulation D.

21. Plaintiff did not represent to defendants or their agents that he was an accredited investor under Regulation D.

22. The proposed Subscription Agreement for the sale of a Unit to plaintiff provided that plaintiff would pay $70,000.00 for a Unit.

23. Plaintiff advised defendants that he did not have $70,000.00 available, and that he could

3

pay $65,000.00 from his own funds and from borrowed funds.

24. Plaintiff's advice to defendants made them aware, or should have made them aware, that plaintiff was not an accredited investor.

25. Notwithstanding the foregoing, defendants agreed that plaintiff could pay $65,000.00 on execution of the Subscription Agreement, and $5,000.00 on or before October 2, 2006.

26. On or about July 17, 2006, in the New York City office of counsel for Lookng for Palladin, plaintiff executed a Subscription Agreement which provided that Looking for Palladin would sell and plaintiff would purchase one Unit in Looking for Palladin in consideration of $70,000.00, payable $65,000.00 on execution and $5,000.00 on or before October 2, 2006. At that time, Plaintiff delivered a check for $65,000.00 to counsel for Looking for Palladin, and the check was cashed.

27. Because the offered securities were not registered under the Securities Act, and because plaintiff was not an accredited investor under Regulation D, Looking for Palladin sold plaintiff a security in violation of 15 U.S. C. § 77e of the Securities Act.

28. Plaintiff has demanded the return of the $65,000.00 paid to Looking for Palladin.

29. Plaintiff has tendered the Unit, and by this Complaint again tenders the Unit, to Looking for Palladin, in exchange for return of the said $65,000.00.

30. Looking for Palladin has refused to return said $65,000.00 to plaintiff.

31. By reason thereof, there is due and owing to plaintiff from Looking for Palladin the sum of $65,000.00, together with accrued interest.

32. By reason thereof, because Tousi, Tousi Productions, Krakowski and Pine Hill each are controlling persons of Looking for Palladin, there is due and owing to plaintiff from each of them, jointly

4

and severally, the sum of $65,000.00, together with accrued interest.

## SECOND CAUSE OF ACTION

33.  Plaintiff repeats and realleges paragraphs 1 through 32 hereof.

34.  Plaintiff is an aspiring actor.

35.  Plaintiff desired to act in the Film.

36.  Defendants knew that Plaintiff desired to act in the Film.

37.  Defendants induced Plaintiff to purchase a Unit by telling him that he would be given a part in the Film.

38.  Plaintiff, in reliance on defendants' representations that he would be given a part in the Film, executed the Subscription Agreement, and delivered $65,000.00 to defendants.

39.  Principal photography of the Film commenced at the end of July 2006, in Antigua, Guatemala.

40.  In reliance on defendants' representations that he would have a part in the Film, plaintiff traveled to Antigua on or about July 28, 2006.

41.  Defendant Tousi was the producer of the Film.

42.  Defendant Krakowski was the director of the Film.

43.  On information and belief, within a few days of plaintiff's arrival in Antigua, defendant Tousi formed an extreme personal animosity towards plaintiff, and decided to force plaintiff off the Film because of that personal animosity.

44.  Because of that personal animosity, defendant Tousi, and other individuals acting, on information and belief, on Tousi's behalf, threatened plaintiff with arrest and other possible

5

consequences, if he did not abandon the Film and leave Antigua.

45. Because plaintiff was in fear of arrest and other possible adverse consequences, he told defendant Krakowski that he had to leave the Film temporarily, because of a family emergency.

46. Within days, plaintiff attempted to return to the Film, but again, defendant Tousi threatened plaintiff with arrest and other possible consequences if he did not once and for all abandon the Film and leave Antigua.

47. By reason thereof, plaintiff believed that his personal safety required that he abandon the Film and leave Antigua, and he did so.

48. On information and belief, defendant Tousi acted willfully and purposely with the intention to inflict emotional distress on plaintiff. Such acts were done in reckless disregard of the probability of causing plaintiff emotional distress.

49. The acts of defendant Tousi did, in fact result in plaintiff suffering mental and emotional distress, to the extent that he was required to obtain psychological help and to take medication.

50. By reason thereof, there is due and owing to plaintiff from defendant Tousi an amount to be proved at trial, but in no event less than $100,000.00.

WHEREFORE, plaintiff demands judgment as follows:

(i) on the first cause of action, judgment against defendants, and each of them, in the amount of $65,000.00, together with accrued interest;

(ii) on the second cause of action, judgment against defendant Tousi in an amount to be proved at trial, but in no event less than $100,000.00; and

(iii) costs, disbursements, and for such other and further relief as to the Court seems just and

6

proper.

July 12, 2007

McLaughlin & Stern, LLP

By _____

Jon Paul Robbins (#8517)
Attorneys for Plaintiff
260 Madison Avenue
New York, New York 10017
212-448-1100

7